IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JULIA BLACKWELL                                                    PETITIONER


v.                              NO. 5:18-cv-00041 DPM/PSH


WENDY KELLEY, Director of the                                     RESPONDENT
Arkansas Department of Correction


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

STATE AND FEDERAL COURT PROCEEDINGS. The record reflects that a vehicle driven by petitioner Julia Blackwell ("Blackwell") stuck a pedestrian as he walked along a sidewalk. Blackwell was taken into police custody and transported to a local hospital where a sample of her urine was taken. She was then transported to a local jail where a second sample of her urine was taken. Testing of one of the samples revealed the presence of, inter alia, amphetamine. When the pedestrian died from his injuries, Blackwell was charged with felony negligent homicide. Blackwell was also charged with third-degree battery after she injured a first responder.

Prior to trial, Blackwell filed a motion to suppress the urine samples. She maintained that the taking of the samples violated, inter alia, her Sixth Amendment right to counsel. She so maintained because her requests for counsel were ignored. The state trial court denied the motion.

The prosecution subsequently amended the charges against Blackwell to include a charge of manslaughter. It was alleged that Blackwell recklessly caused the pedestrian's death. Blackwell filed a motion to dismiss the charge because it was barred by the state statute of limitations, but the state trial court denied the motion.

A Pulaski County Circuit Court jury convicted Blackwell of felony negligent homicide, third-degree battery, and manslaughter. She was sentenced to a term of ten years imprisonment for felony negligent homicide and fined five hundred dollars for third-degree battery. She received no punishment for manslaughter, though, after the state trial court elected to not instruct the jury on the offense during the penalty phase of the trial.

Blackwell appealed and raised the following claims: "the [state trial court] erred when it denied her motion to suppress the urine samples and her motion to dismiss the manslaughter charge." See Blackwell v. State, 2015 Ark. App. 96, 455 S.W.3d 848, 853 (2015). With respect to her first claim, she alleged that the taking of the samples violated, inter alia, her Sixth Amendment right to counsel because her requests for counsel were ignored. With respect to her second claim, she alleged that the manslaughter charge was barred by the state statute of limitations.

The Arkansas Court of Appeals found no reversible error and affirmed Blackwell's conviction. See Id. In doing so, the state court observed that her sentence for manslaughter was illegal on its face because the conviction required a minimum sentence, and her conviction of both felony negligent homicide and manslaughter "may violate double jeopardy." See Id., 455 S.W.3d at 855, n.5. The state court declined to decide those issues, though, because they were not raised on appeal.

Blackwell then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petition"). She did so with the assistance of counsel. In the petition, Blackwell alleged the following:

> … trial counsel was ineffective for failing to (1) move to dismiss either the felony negligent-homicide charge or the manslaughter charge; (2) object to the use of nonpattern jury instructions; (3) cross-examine former police officer Natasha Sims about her termination from the Little Rock Police Department; (4) protect her right to trial by an impartial jury; (5) object to the prosecutor's improper acquisition of her sealed medical records; and (6) object or move for a mistrial after the prosecutor made personal attacks on her trial counsel during closing arguments.

See Blackwell v. State, 2017 Ark.App. 246, 520 S.W.3d 294, 297 (2017). The state trial court conducted a hearing on the Rule 37 petition, after which it was denied.

Blackwell appealed the denial of her Rule 37 petition. The state Court of Appeals found no reversible error and affirmed the denial of the petition. In a footnote, the state court observed the following: "… Blackwell … claims that her convictions violate double jeopardy because this court found that her convictions violate double jeopardy. She is mistaken. This court did not find that her convictions violate double jeopardy. …" See Id., 520 S.W.3d at 302, n.1.

Blackwell began the case at bar by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, which she later amended. See Docket Entry 30.[1] The amended petition was not a model of brevity. It was seventy-nine pages long, raised forty-five claims, and was accompanied by approximately 1400 pages of exhibits.

Respondent Wendy Kelley ("Kelley") thereafter filed a response. See Docket Entry 36. She maintained that the amended petition should be dismissed because the claims raised in it are procedurally barred, without merit, or otherwise not cognizable.

Blackwell was accorded an opportunity to file a reply to Kelley's response. Blackwell took advantage of that opportunity by filing a voluminous reply and several supplements. See Docket Entry 45, 46, 47, 48.

PROCEDURAL BAR. Kelley first maintains that thirty-eight of Blackwell's forty-five claims in the amended petition are procedurally barred from federal court review. Kelley so maintains because the thirty-eight claims were not raised, or not properly raised, in the state courts of Arkansas. It is Kelley's position that federal court review is limited to seven of the claims and only to the extent they implicated a federal right.

---

[1]     28 U.S.C. 2254(a) provides that a petition shall be entertained in behalf of a person "in custody." Blackwell was incarcerated when she began this case. She has since been released from custody. Respondent Wendy Kelley does not maintain that Blackwell is no longer "in custody," and the undersigned knows of no reason why Blackwell does not satisfy the custodial requirement of 28 U.S.C. 2254(a).

Generally, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. <u>See</u> <u>Wallace v. Lockhart</u>, 12 F.3d 823 (8th Cir. 1994). A claim not properly presented to the state courts can nevertheless be considered if the petitioner can show cause for her procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice. <u>See</u> <u>Anderson v.</u> <u>Kelley</u>, --- F.Supp.2d ---, 2017 WL 1160583 (E.D.Ark. 2017) (Marshall, J.).

Blackwell raised forty-five claims in her amended petition. Of the forty-five claims, six of the claims were raised in her Rule 37 petition and are therefore not subject to a procedural bar analysis. The six claims are as follows:

(1) trial counsel was ineffective for failing to move to dismiss either the felony negligent homicide charge or the manslaughter charge, alleged as claim <u>five</u> in the amended petition;

(2) trial counsel was ineffective for failing to object to the use of nonpattern jury instructions and verdict forms, alleged as claim <u>six</u> in the amended petition;

(3) trial counsel was ineffective for failing to cross-examine former police officer Natasha Sims about her termination from the Little Rock Police Department, alleged as claim <u>ten</u> in the amended petition;

(4) trial counsel was ineffective for failing to protect Blackwell's right to trial by an impartial jury, alleged as claim <u>seven</u> in the amended petition;

(5) trial counsel was ineffective for failing to object to the prosecutor's improper acquisition of Blackwell's sealed medical records, alleged as claim <u>eight</u> in the amended petition; and

(6) trial counsel was ineffective for failing to object or move for a mistrial after the prosecutor made personal attacks on Blackwell's trial counsel during closing arguments, alleged as claim <u>nine</u> in the amended petition.

Of the remaining thirty-nine claims, the factual bases for two of the claims were raised by Blackwell in the state courts of Arkansas. As her first claim on direct appeal, she maintained that the taking of the urine samples violated, <u>inter alia</u>, her Sixth Amendment right to counsel because her requests for counsel were ignored. As the first claim in her amended petition, she offers similar facts but offers a different legal theory: counsel was ineffective because of the manner in which she argued the issue.

Kelley maintains that the first claim in the amended petition is subject to a procedural bar analysis. She so maintains because the claim was never presented to the state courts of Arkansas as a challenge to counsel's ineffectiveness.

Blackwell's first claim on direct appeal and the first claim in her amended petition both implicate the Sixth Amendment. The claims, though, are built upon different legal theories, and it is axiomatic that "the petitioner must present the same facts and legal theories to the state court that [she] later presents to the federal courts." <u>See</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 854 (8th Cir. 1994). Because Blackwell did not fairly present the first claim in her amended petition to the state courts of Arkansas, the claim is subject to a procedural bar analysis.

As Blackwell's second claim on direct appeal, she maintained that the manslaughter charge was barred by the state statute of limitations. As the second claim in her amended petition, she offers similar facts but offers a different legal theory: counsel was ineffective because of the manner in which she argued the issue.

Kelley does not maintain that the second claim in the amended petition is subject to a procedural bar analysis. Instead, she maintains that "[w]hether there was a violation of Arkansas's statute of limitations was purely a matter of state law that does not present a federal constitutional issue." See Docket Entry 36 at CM/ECF 15. Alternatively, Kelley maintains that Blackwell cannot show that trial counsel's handling of the state statute of limitations claim was constitutionally inadequate.

Blackwell's second claim on direct appeal and her second claim in the amended petition do not appear to be the same claim because they do not rest on the same legal theory. In light of Kelley's representations, though, Blackwell's second claim in her amended petition will not be subject to a procedural bar analysis.

The remaining claims in Blackwell's amended petition were not fairly presented to the state courts of Arkansas. Thus, thirty-eight claims, i.e., the claims other than claims two, five, six, seven, eight, nine, and ten of the amended petition, are subject to a procedural bar analysis. The thirty-eight claims are barred from federal court review unless Blackwell can show cause for her procedural default and actual prejudice or, alternatively, show that the failure to consider one or more claims will result in a fundamental miscarriage of justice.

As cause, Blackwell offers her trial, appellate, and post-conviction attorneys' ineffectiveness, one consequence of which was that some of her claims were not discovered until recently. The circumstance in which ineffective assistance of counsel may serve as cause is quite limited. In Martinez v. Ryan, 566 U.S. 1 (2012), the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial.

> ... To establish cause in this manner, the petitioner must show that post-conviction counsel's assistance was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 ... (1984), and further demonstrate that [the petitioner's] underlying claim of ineffective assistance of trial counsel is a "substantial" one, that is, that the claim has some merit. Martinez, 566 U.S. at 14 ... If the State demonstrates that the underlying claim of ineffective assistance of trial counsel is unsubstantial or non-meritorious, the petitioner cannot establish that post-conviction counsel was ineffective and thus cannot show cause for default of the underlying claim. Id. at 15-16 ... Likewise, if post-conviction counsel did not perform below constitutional standards, no cause is shown for default. Id.

See Deck v. Steele, 249 F.Supp.3d 991, 1024 (E.D.Mo. 2017). The Martinez exception cannot excuse the default of any other type of claim. See Dansby v. Hobbs, 766 F.3d 809 (8th Cir. 2014), cert. denied sub nom., Dansby v. Kelley, --- U.S. ---, 136 S.Ct. 297, 193 L.Ed.2d 46 (2015) (Martinez cannot excuse default of claim of ineffective assistance of appellate counsel).[2]

Blackwell's invocation of the Martinez exception as cause for her procedural default of the thirty-eight claims in her amended petition is unavailing for three reasons. First, the Martinez exception provides that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial. The exception does not excuse any other type of claim. To the extent Blackwell alleges non-ineffective assistance of trial counsel claims in her amended petition, the Martinez exception cannot excuse the default of those claims.[3]

---

[2]    See also Lane v. Kelley, 2017 WL 5473925 (E.D.Ark. 2017) (Ray, M.J.), report and recommendation adopted, 2017 WL 6542748 (E.D.Ark. 2017) (Marshall, J.) (Martinez cannot excuse default of claims of trial error or ineffective assistance of direct-appeal counsel); Robinson v. Kelley, 2015 WL 4944130 (E.D.Ark. 2015) (Ray, M.J.), report and recommendation adopted, 2015 WL 4943588 (E.D.Ark. 2015) (Miller, J.) (Martinez cannot excuse default of claims of prosecutorial misconduct or trial court error).

[3]    Blackwell combines virtually all of her non-ineffective assistance of trial counsel claims with claims challenging the effectiveness of her trial attorney's representation.

Second, the <u>Martinez</u> exception applies only if post-conviction counsel's assistance was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[4] Blackwell has failed to show that post-conviction counsel's assistance was ineffective under the standards of <u>Strickland</u>. Post-conviction counsel challenged trial counsel's representation and did so, in part, on the bases of what appear to be Blackwell's two strongest claims, <u>i.e.</u>, the double jeopardy issue and verdict form issue. <u>See</u> Docket Entry 36, Exhibit 5 at CM/ECF 19-23 (double jeopardy issue); Docket Entry 36, Exhibit 5 at CM/ECF 9-13 (verdict form issue). After the state trial court rejected the claims, post-conviction counsel raised them on appeal. <u>See</u> Docket Entry 36, Exhibit 6 at CM/ECF 19-23 (double jeopardy issue); Docket Entry 36, Exhibit 6 at CM/ECF 4-12 (verdict form issue). The claims were rejected by the state Court of Appeals, and post-conviction counsel cannot be faulted because the claims proved unsuccessful. As to the other allegations of post-conviction counsel's ineffectiveness, the undersigned is not persuaded that they satisfy the <u>Strickland</u> standard.

Third, assuming Blackwell could show that post-conviction counsel performed below constitutional standards, Blackwell has not come forward with a <u>substantial</u> claim of ineffective assistance of trial counsel. Her two strongest claims of alleged ineffective assistance of trial counsel were raised in the state courts of Arkansas and are not subject to a procedural bar analysis. With respect to the other allegations of ineffective assistance of trial counsel, the undersigned is not convinced that they are substantial.

---

[4]     <u>Strickland</u> requires a two-part showing. First, the petitioner must show that with respect to each instance of alleged ineffectiveness, counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. <u>See</u> <u>Ford v. United States</u>, 917 F.3d 1015 (8th Cir. 2019). The petitioner must also show that counsel's deficient performance prejudiced the defense. <u>See</u> <u>Id</u>.

Blackwell alternatively maintains that the failure to consider the thirty-eight claims in her amended petition—the claims other than claims two, five, six, seven, eight, nine, and ten—will result in a fundamental miscarriage of justice. "To fit within the fundamental miscarriage of justice exception, a petitioner must make a showing of actual innocence." See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997).

> … [T]o establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, [the petitioner] must establish: (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner]. …

See Briggs v. Kelley, 2018 WL 6497888, 3 (E.D.Ark. 2018) (Volpe, M.J.), report and recommendation adopted, 2018 WL 6492599 (E.D.Ark. 2018) (Wilson, J.) (italics in original).

Here, Blackwell has failed to make the requisite showing. She admits to having "no knowledge or memory of striking [the] pedestrian." See Docket Entry 30 at CM/ECF 18. She alleges that through her own investigation, primarily as a result of discovery in a related civil proceeding, she learned of such matters as a dog tampering with evidence at the scene of the accident, police and prosecutorial misconduct, fabricated and misleading reports, and prosecution witnesses visiting with a plaintiffs' attorney in the related civil proceeding. Although this evidence might be new, it does not affirmatively demonstrate that she is innocent of the crimes for which she was convicted. See Abdi v. Hatch, 450 F.3d 334 (2006). Instead, the evidence invites the undersigned to engage in nothing more than speculation and conjecture.

Blackwell cannot show cause and prejudice or that the failure to consider thirty-eight of the forty-five claims in her amended petition will result in a fundamental miscarriage of justice. Save claims two, five, six, seven, eight, nine, and ten of her amended petition, her claims are barred from federal court review.

CLAIM TWO. Blackwell's second claim in her amended petition is a challenge to her trial attorney's effectiveness. Blackwell specifically maintains the following:

> Manslaughter was amended 9/10/13 to charge of Negligent Homicide. Petitioner was convicted of both counts. Trial counsel objected to [and] appealed [the] Manslaughter amendment [because it] violated [the] statute of limitations, being subject to 3 years (fatality occurring June 8, 2010). Omitting double jeopardy, unfair surprise/due process violations, insufficient evidence of Manslaughter [and] ineffectively presenting insufficient evidence of reckless conduct. Petitioner does not disagree [with Court of Appeals'] affirmation, but disagrees [with] trial/appellate counsel's presentation of [the statute of limitations defense].

See Docket Entry 30 at CM/ECF 6.

Blackwell's claim is governed by Strickland. Blackwell must show that counsel's performance fell below an objective standard of reasonableness and must show prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the trial would have been different. See White v. Dingle, 757 F.3d 750 (8th Cir. 2014).

Blackwell cannot show that trial counsel's assistance was ineffective under the standards of Strickland for two reasons. First, ignoring the fact that the underlying question is one of state law, counsel raised the state statute of limitations claim at trial and on direct appeal. The fact that the claim proved unsuccessful does not mean counsel's performance was deficient. Second, Blackwell has not identified the arguments counsel failed to make and how they would have produced a different result.

CLAIM FIVE. The portion of Blackwell's fifth claim that was fairly presented to the state courts of Arkansas involves a challenge to her trial attorney's representation. Blackwell maintains that counsel was ineffective when she did not move to dismiss the felony negligent homicide charge or manslaughter charge on double jeopardy grounds.

Blackwell's claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, the claim is also governed by 28 U.S.C. 2254(d).[5] Taken together, Strickland and 28 U.S.C. 2254(d) establish a doubly deferential standard of review. See Williams v. Roper, 695 F.3d 825 (8th Cir. 2012).

---

[5]    28 U.S.C. 2254(d) requires a two-part inquiry. First, it requires an inquiry into whether the state Court of Appeals' adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. In White v. Kelley, 824 F.3d 753, 757 (8th Cir. 2016), the Court of Appeals provided the following explanation of that portion of 28 U.S.C. 2254(d):

> … A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 … (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle … but unreasonably applies it to the facts of the particular case." Id. A court "may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly," rather the application "must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 … (2000). This court is bound by the facts as found by the state courts, absent clear and convincing evidence those findings were incorrect. Buchheit, 459 F.3d at 852 …"

The federal court must give the state court "the benefit of the doubt" unless the petitioner can show that the state court's ruling "was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" See Fenstermaker v. Halvorson, --- F.3d ---, 2019 WL 1461060, 2 (8th Cir. 2019) [quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)].

Second, 28 U.S.C. 2254(d) requires an inquiry into whether the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. An unreasonable determination of the facts in light of the evidence presented occurs "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." See White v. Dingle, 757 F.3d 750, 755-756 (8th Cir. 2014) [quoting Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003) and citing 28 U.S.C. 2254(d)(2), 28 U.S.C. 2254(e)(1)]. The petitioner must also demonstrate that "the state court's determination of the facts was unreasonable. See Id. at 756 [citing Whitehead v. Dormire, 340 F.3d at 539 and citing 28 U.S.C. 2254(d)(2)].

Blackwell was charged with felony negligent homicide and manslaughter for the same conduct. Trial counsel did not move to dismiss one of the charges on double jeopardy grounds because she did not believe the argument had merit. <u>See</u> Docket Entry 36, Exhibit 5 at CM/ECF 78-87, 89-92. After Blackwell was convicted of both offenses, but only sentenced for one, she challenged counsel's failure to move to dismiss one of the charges on double jeopardy grounds. The state Court of Appeals applied <u>Strickland</u> and rejected the challenge for the following two reasons: (1) Blackwell offered no authority to support her assertion that counsel should have moved to dismiss one of the charges on double jeopardy grounds, and (2) Blackwell's convictions do not violate double jeopardy because felony negligent homicide requires the element of intoxication, which is not included in the definition of manslaughter.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in <u>Strickland</u> in finding that trial counsel was not ineffective. It likely gives one pause that a defendant could be charged with, and convicted of, both felony negligent homicide and manslaughter for the same conduct. The state court found, though, that felony negligent homicide and manslaughter are not the same offense under Arkansas law because "felony negligent homicide requires the element of intoxication, which is not included in the definition of manslaughter." <u>See</u> <u>Blackwell v. State</u>, 520 S.W.3d at 300. The undersigned defers to the state court's interpretation of Arkansas law. It is also worth observing that the interpretation appears to be consistent with <u>Blockburger</u>

v. United States, 284 U.S. 299 (1932). In short, the interpretation of Arkansas law made by the state court is not so lacking in justification that "there [is] an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." See Fenstermaker v. Halvorson, --- F.3d ---, 2019 WL 1461060, 2 (8th Cir. 2019). The undersigned also defers to the state court's determination that counsel was not ineffective for failing to raise a non-meritorious claim. See Lemaster v. Kelley, 750 Fed.Appx. 499 (8th Cir. 2018) (federal court defers to determination that claim lacks merit so long as fair-minded jurists could disagree on correctness of decision). The case at bar is not an instance in which the state court applied a rule different from the governing law, decided the case differently than the Supreme Court has done on a set of materially indistinguishable facts, or correctly identified the governing law but unreasonably applied it to the facts.[6]

CLAIM SIX. The portion of Blackwell's sixth claim that was fairly presented to the state courts of Arkansas involves another challenge to her trial attorney's representation.[7] Blackwell acknowledged that counsel challenged the state trial court's use of what Blackwell characterizes as nonpattern jury instructions and verdict forms. Blackwell maintains, though, that counsel was ineffective because of the manner in which she presented the challenge to the state trial court and because she failed to pursue the issue on direct appeal.

---

[6]    The state Court of Appeals' adjudication of Blackwell's fifth claim was largely a legal determination. To the extent the adjudication rested upon a factual determination, it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

[7]    Blackwell's sixth claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, the claim is also governed by 28 U.S.C. 2254(d).

The record reflects that the state trial court instructed the jury on, <u>inter alia</u>, felony negligent homicide, manslaughter, and lesser included offenses. The state trial court also provided the jury with verdict forms. Trial counsel objected to two of the verdict forms largely because they did not have a place for the jury to indicate "not guilty" for felony negligent homicide and manslaughter.[8] The objection was overruled. Counsel did not appeal the use of the verdict forms because she did not believe the issue had merit. <u>See</u> Docket Entry 36, Exhibit 5 at CM/ECF 92-95, 121-131. Blackwell challenged counsel's handling of the verdict form issue. The state Court of Appeals applied <u>Strickland</u> and rejected the challenge, finding as follows:

---

[8]    The two verdict forms challenged by Blackwell provided the following:

COUNT 1

We, the jury, find Julia Blackwell guilty of Negligent Homicide (intoxication).
_____
FOREPERSON

We, the jury, find Julia Blackwell guilty of Negligent Homicide (negligence).
_____
FOREPERSON

We, the jury, find Julia Blackwell not guilty of Negligent Homicide (negligence).
_____
FOREPERSON


COUNT 2

We, the jury, find Julia Blackwell guilty of Manslaughter (recklessness).
_____
FOREPERSON

We, the jury, find Julia Blackwell guilty of Negligent Homicide (negligence).
_____
FOREPERSON

We, the jury, find Julia Blackwell not guilty of Negligent Homicide (negligence).
_____
FOREPERSON

See <u>Blackwell v. State</u>, 520 S.W.3d at 298-299.

… Blackwell claims the instructions amounted to a fundamental structural defect in the trial, like the instructions in <u>Sullivan v. Louisiana</u>, 508 U.S. 275 … (1993). We disagree. In <u>Sullivan</u>, the United States Supreme Court held that an erroneous instruction that misstated the State's burden of proof was a structural defect in the trial mechanism. <u>Id</u>. The Court reasoned that, where the jury convicts a defendant according to an erroneous instruction about the State's burden of proof, there has been no actual finding of guilty as required by the Sixth Amendment. <u>Id</u>. Here, Blackwell has not shown that the instructions misstated the law such that there had been no actual finding of guilt. The verdict forms instruct the jury to first consider the higher charge, then the lesser charge, and then provide the jury with the option to find Blackwell not guilty. …

<u>See</u> <u>Blackwell v. State</u>, 520 S.W.3d at 299.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in <u>Strickland</u> in adjudicating the claim. Although the verdict forms were not a model of clarity, the state court could reasonably rely upon <u>Sullivan v. Louisiana</u>, 508 U.S. 275 (1993), as a part of finding that the jury was properly instructed. The undersigned therefore defers to the state court's finding. The undersigned also defers to the determination that trial counsel was not ineffective for failing to appeal a non-meritorious claim. The case at bar is not an instance in which the state court applied a rule different from the governing law, decided the case differently than the Supreme Court has done on a set of materially indistinguishable facts, or correctly identified the governing law but unreasonably applied it to the facts.[9]

---

[9]    The state Court of Appeals' adjudication of Blackwell's sixth claim was largely a legal one. To the extent the adjudication rested upon a factual determination, it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

CLAIM SEVEN. The portion of Blackwell's seventh claim that was fairly presented to the state courts of Arkansas involves a challenge to her trial attorney's representation.[10] Blackwell maintains that counsel was ineffective when she failed to object to, or otherwise move for a mistrial because of, the participation of a juror who was in a photograph with the pedestrian, a photograph that was published to the jury.

The record reflects that during the penalty phase of Blackwell's trial, the prosecution published a photograph to the jury of the pedestrian presenting a check to a group of individuals representing a local children's hospital. A juror viewed the photograph and happened to notice that she was one of the individuals representing the hospital. The juror immediately notified the state trial court that she was in the photograph. The state trial court excused the jury and questioned the juror about the photograph. The juror explained that she worked for the hospital's foundation and often appeared in photographs when large donations were made. She did not solicit the pedestrian's donation, did not know him, and did not remember the occasion when the photograph was taken. The juror estimated that the photograph had been taken at least ten years earlier. Trial counsel objected to the juror's participation, doing so at the behest of Blackwell, but the state trial court overruled the objection. Counsel did not appeal the state trial court's refusal to excuse the juror because counsel did not believe the issue had merit. See Docket Entry 36, Exhibit 5 at CM/ECF 98-102, 112-114. Blackwell challenged counsel's failure to do so. The state Court of Appeals applied Strickland and rejected the challenge, finding as follows:

---

[10]     Blackwell's seventh claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, the claim is also governed by 28 U.S.C. 2254(d).

> In this case, the trial record shows that after the court learned that the juror was in the photo, it called a recess and questioned the juror. The juror stated that she had been employed at Arkansas Children's Hospital for thirteen years, that she had worked with thousands of donors and volunteers, that she did not remember the picture, and that she could remain fair and impartial. At the evidentiary hearing, Blackwell's trial counsel testified that she was satisfied with the juror's response but that Blackwell insisted that she object to the juror's remaining on the panel and that she did object. However, the trial court overruled the objection. Trial counsel further stated that she did not move for a mistrial because the juror had no memory of the picture, which was more than ten years old. Given this evidence, we hold that the [state trial court] did not clearly err in finding that Blackwell's trial counsel was not ineffective for not moving for a mistrial based on the juror's presence in the photo.

See Blackwell v. State, 520 S.W.3d at 301.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in Strickland in finding that trial counsel was not ineffective. Although the state court did not acknowledge Supreme Court precedent on the underlying question of determining juror bias, the state court's adjudication appears to be consistent with federal law on the question of juror bias. See, e.g., Smith v. Phillips, 455 U.S. 209 (1981); Remmer v. United States, 347 U.S. 227 (1954). The undersigned defers to the adjudication of the claim made by the state court. The case at bar is not an instance in which the state court applied a rule different from the governing law, decided the case differently than the Supreme Court has done on a set of materially indistinguishable facts, or correctly identified the governing law but unreasonably applied it to the facts.

The state Court of Appeals' adjudication of Blackwell's claim also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state court found that the juror had been employed at the hospital for approximately thirteen years; had worked with thousands of donors and volunteers; and did not remember the photograph being taken, estimating that it had been taken more than ten years earlier. She testified that she did not solicit the pedestrian's donation and did not know him. Given those facts, the state court could find as it did. Specifically, the state court could find that the juror could continue to serve and could find that trial counsel was not ineffective for failing to appeal a non-meritorious claim.

CLAIM EIGHT. The portion of Blackwell's eighth claim that was fairly presented to the state courts of Arkansas involves a challenge to her trial attorney's representation.[11] Blackwell maintains that counsel was ineffective because she did not appeal the prosecutor's improper acquisition of Blackwell's sealed medical records.

The record reflects that prior to trial, the prosecution acquired some of Blackwell's medical records. Trial counsel filed a motion in limine to bar their admission. The state trial court took the motion under advisement pending the evidence offered at trial. The medical records were not introduced at trial, and counsel did not appeal the prosecution's possession of them. See Docket Entry 36, Exhibit 5 at CM/ECF 102-105. Blackwell challenged counsel's handling of the medical records issue. The state Court of Appeals applied Strickland and rejected the challenge, finding as follows:

---

[11]     Blackwell's eighth claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, it is also governed by 28 U.S.C. 2254(d).

Blackwell next argues that her trial counsel was ineffective for failing to appeal the State's acquisition of her sealed medical and psychological records filed in a separate, civil case. The [state trial court] found that Blackwell had no relief under this claim because her counsel objected to the use of the records and the records were not used at trial. At the evidentiary hearing, trial counsel testified that when she learned that the State had obtained the records, she filed a motion in limine to exclude the use of the records. Further, she explained that the records were not introduced at trial and that no witnesses testified about the records.

We hold that the [state trial court] did not clearly err in finding that Blackwell's counsel was not ineffective for failing to appeal the State's acquisition of her medical and psychological records. Once again, a petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. [Citation omitted]. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. [Citation omitted]. Blackwell has cited no authority showing that the State's acquisition of her records would have resulted in a reversible error. Accordingly, there is no basis on which to grant postconviction relief on this claim.

See Blackwell v. State, 520 S.W.3d at 301.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in Strickland in finding that trial counsel was not ineffective. Although the state court did not acknowledge Supreme Court precedent on the underlying question of the prosecutor's actions, the undersigned defers to the adjudication made by the state court. The adjudication is not so lacking in justification that there is an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. See Fenstermaker v. Halvorson, 2019 WL 1461060, 2.

The state Court of Appeals' adjudication of Blackwell's claim also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state court found that trial counsel objected to the use of the medical records, they were never used at trial, and no witness testified about them. Given those facts, the state court could find as it did. Specifically, the state court could find that counsel did not err when she did not appeal the prosecution's acquisition of the medical records and find that counsel was not ineffective for failing to appeal a non-meritorious claim.

CLAIM NINE. The portion of Blackwell's ninth claim that was fairly presented to the state courts of Arkansas involves a challenge to her trial attorney's representation.[12] Blackwell maintains that counsel was ineffective for failing to seek a mistrial for the prosecutor's comments. Specifically, Blackwell alleges the following:

> Throughout counsel's closing arguments, [the] state made a series of objections to counsel's statements; made inflamed and personally biased, unprofessional comments. During [the] state's second closing statement, [the prosecutor] said everything from [trial] counsel was "half-truth" and called her statements "improper" among other inflamed assertions. The trial court asked [the prosecutor] if reasons for such assertions exist but made no finding of the statements being improper. Trial counsel objected to [the prosecutor] attacking credibility but failed to ask for [a] mistrial or request any type [of] relief from [the] court.

See Docket Entry 30 at CM/ECF 19. Blackwell subsequently challenged counsel's handling of the issue. The state Court of Appeals applied Strickland and rejected the challenge, finding as follows:

---

[12]      Blackwell's ninth claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, it is also governed by 28 U.S.C. 2254(d).

> Blackwell ... argues that her trial counsel was ineffective for failing to move for a mistrial after the prosecutor made personal attacks on her counsel during closing remarks. She points out that the prosecutor made comments questioning her counsel's credibility such as that her "whole idea ... her whole alternate theory is fantasy." When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. [Citation omitted]. It is well settled that closing remarks that require reversal are rare and require an appeal to the jurors' passions. [Citation omitted]. Further, as we have stated, a mistrial is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. [Citation omitted]. Blackwell has not shown the prosecutor's comments warranted a mistrial. Accordingly, we hold that the [state trial court] did not clearly err in finding that Blackwell was not entitled to relief under this claim.

See Blackwell v. State, 520 S.W.3d at 301–302.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in Strickland in finding that trial counsel was not ineffective. Although the state court did not acknowledge Supreme Court precedent on the underlying question, the adjudication appears to be consistent with federal law on that question. See, e.g., Darden v. Wainwright, 477 U.S. 168 (1986); Donnelly v. DeChristoforo, 416 U.S. 637 (1974). The undersigned defers to the adjudication made by the state court. The case at bar is not an instance in which the state court applied a rule different from the governing law, decided the case differently than the Supreme Court has done on a set of materially indistinguishable facts, or correctly identified the governing law but unreasonably applied it to the facts.

The state Court of Appeals' adjudication of Blackwell's claim also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. During closing argument, the prosecutor characterized some of trial counsel's statements and arguments as "fantasy," "half-truth," and "improper." Trial counsel objected to the description of her statements and arguments. The state court could and did find that such remarks were not so prejudicial or inflammatory as to warrant a mistrial. Given that finding, the state court could and did also find that trial counsel did not err when she did not appeal the issue and was not ineffective for failing to appeal a non-meritorious claim.

CLAIM TEN. Blackwell's final claim involves a challenge to her trial attorney's representation.[13] Blackwell maintains that counsel was ineffective for failing to cross-examine Natasha Sims ("Sims") about her termination from the Little Rock Police Department ("LRPD"). Blackwell maintains that counsel was also ineffective for failing to appeal the state trial court's refusal to allow testimony about Sims' termination.

The record reflects that Sims took the urine samples from Blackwell. Sims was later terminated from her job with the LRPD. During a suppression hearing, trial counsel attempted to cross-examine Sims about her termination. The state trial court prevented counsel from doing so because Sims was appealing her termination. At trial, Sims admitted that she had been terminated but testified that she was appealing her termination. See Docket Entry 36, Exhibit 1.3 at CM/ECF 289. Trial counsel cross-examined Sims extensively but did not cross-examine her about the circumstances

---

[13]     Blackwell's tenth claim is governed by Strickland. Because the claim was addressed by the state Court of Appeals, it is also governed by 28 U.S.C. 2254(d).

surrounding her termination. Counsel did not raise the issue on direct appeal. Counsel testified during the Rule 37 proceeding that Sims was not cross-examined about her termination because the termination was on appeal and counsel had other grounds for challenging Sims' credibility. See Docket Entry 36, Exhibit 5 at CM/ECF 95-98, 114-116. Blackwell challenged counsel's handling of the termination issue. The state Court of Appeals applied Strickland and rejected the challenge, finding as follows:

> Blackwell next argues that the [state trial court] erred in finding that her trial counsel was not ineffective for failing to cross-examine former police officer Natasha Sims concerning her termination from the Little Rock Police Department based on allegations of dishonesty. She points out that crucial pieces of evidence at trial were her urine samples, which Sims took. She recognizes that her counsel attempted to question Sims about the allegations at a suppression hearing and that the [state trial court] instructed her not to question Sims about the allegations because Sims had appealed her termination. However, Blackwell claims that her trial counsel should have raised the issue at trial because, during questioning at trial, the State asked Sims why she had been terminated and Sims stated that she had appealed the termination. The [state trial court] found that Blackwell was not entitled to relief under this ground because Blackwell's trial counsel made a strategic decision not to cross-examine Sims about her termination.
>
> When a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. [Citation omitted]. Counsel is allowed great leeway in making strategic and tactical decisions. [Citation omitted]. In this case, counsel testified at the evidentiary hearing that she "wrestled" with the decision whether to impeach Sims about her termination but decided not to cross-examine her because the trial court had already stated that it would exclude that testimony. She further testified that she had researched the status of Sims's appeal and determined that it was ongoing. Given this testimony, we cannot say that the [state trial court] clearly erred in finding that counsel made a reasonable and professional decision not to question Sims about her termination.

See Blackwell v. State, 520 S.W.3d at 299–300.

The state Court of Appeals' adjudication of Blackwell's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The state court recognized and reasonably applied clearly established federal law as announced in Strickland in finding that trial counsel was not ineffective. Although the state court did not acknowledge Supreme Court precedent on the underlying question of the admissibility of testimony, the undersigned defers to the state court's adjudication.

The state Court of Appeals' adjudication of Blackwell's claim also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state court found that during a suppression hearing, trial counsel attempted to question Sims about her termination from the LRPD. The state trial court instructed counsel not to question Sims about her termination because it was on appeal. At trial, the prosecutor asked Sims about her termination, and she testified that it was on appeal. Counsel eventually decided against attempting to cross-examine Sims about her termination because the trial court had already stated that it would exclude such testimony and was likely correct in the ruling. Moreover, counsel believed she had other grounds for challenging Sims' credibility. Given those facts, the state court could find as it did, particularly since a trial court is afforded wide latitude in determining whether to admit evidence. Thus, the state court could find that counsel did not err when she did not attempt to cross-examine Sims about her termination. The state court could also find that counsel was also not ineffective for failing to appeal the issue as Blackwell cannot show the issue had merit.

RECOMMENDATION. With respect to thirty-eight of Blackwell's forty-five claims, she cannot show cause and prejudice or that the failure to consider the claims will result in a fundamental miscarriage of justice. Save claims two, five, six, seven, eight, nine, and ten, her claims are barred from federal court review. With respect to claims two, five, six, seven, eight, nine, and ten, the undersigned finds that they were reasonably adjudicated by the state Court of Appeals or otherwise warrant no relief. It is therefore recommended that Blackwell's petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not persuaded that Kelley can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 16th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE